UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | '08 MJ 1761 |
| Plaintiff, | Magistrate Case No._____ |
| v. | **COMPLAINT FOR VIOLATION OF** |
| **Carlos CASTANEDA-Martinez**<br>**AKA: Juan Jose COVARRUBIAS-Ponce** | Title 8, U.S.C., Section 1326<br>Attempted Entry After Deportation |
| Defendant. | |

The undersigned complainant being duly sworn states:

On or about **June 3, 2008**, within the Southern District of California, defendant **Carlos CASTANEDA-Martinez AKA: Juan Jose COVARRUBIAS-Ponce** an alien, who previously had been excluded, deported and removed from the United States to **Mexico** attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the **San Ysidro Port of Entry**, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

SIGNATURE OF COMPLAINANT
Sara Esparagoza, United States Customs
and Border Protection Enforcement Officer

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE THIS 5th DAY OF JUNE, 2008.

UNITED STATES MAGISTRATE JUDGE

## PROBABLE CAUSE STATEMENT

On June 3, 2008 at approximately 1900 hours, **Carlos CASTANEDA-Martinez AKA: Juan Jose COVARRUBIAS-Ponce (Defendant),** applied for admission to the United States from Mexico via the pedestrian primary lanes at the San Ysidro, California Port of Entry. Upon inspection before a United States Customs and Border Protection (CBP) Officer Defendant presented a United States Passport bearing the name Adam Daniel Matwyuk Jr. Defendant stated that he was traveling to San Diego. The CBP Officer received an automated computer generated referral and subsequently escorted Defendant to secondary for further inspection.

In secondary, Defendant was determined to be an imposter to the United States Passport. Defendant was queried by ten-digit fingerprint and photograph submission through the Automated Biographic Identification System and the Integrated Automated Fingerprint Identification System (IDENT/IAFIS). IDENT/IAFIS returned a match to the query, revealing Defendant's true identity and linking him to FBI and Immigration Service records.

Immigration records checks, including the Central Index System (CIS) and the Deportable Alien Control System (DACS) identify Defendant as a citizen of Mexico and a previously deported alien. DACS indicates that on or about December 16, 1997, an Immigration Judge ordered Defendant deported/removed from the United States to Mexico. DACS records indicate Defendant was most recently removed from the United States to Mexico on or about August 25, 2004 through San Ysidro, California. Immigration records contain no evidence that Defendant has applied for or received permission from the United States Attorney General or the Secretary of the Department of Homeland Security to legally re-enter the United States.

During a video recorded interview, Defendant was advised of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions without benefit of counsel. During a subsequent interview, Defendant admitted he is a citizen of Mexico without legal documents that would permit his legal entry into the United States. Defendant admitted he was deported from the United States to Mexico by an Immigration Judge. Defendant stated he has not applied for a pardon or received permission from the United States Government to legally re-enter the United States.